IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILBUR JOLLY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-180-CDL-MSH |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| HILLARY CLINTON, and GEORGE | : | |
| W. BUSH | : | |
| | : | |
| Defendants. | : | |

_____

### ORDER GRANING IFP
### AND REPORT AND RECOMMENDATION

Plaintiff Wilbur Jolly brings this action pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. (Compl. 1, ECF No. 1). Along with the filing of his Complaint, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 2.) For the reasons discussed below, Plaintiff's motion to proceed IFP is granted. Additionally, Plaintiff has filed multiple miscellaneous motions which are denied. Finally, since the Court is granting Plaintiff's motion to proceed IFP, the Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends dismissal of Plaintiff's claims.

### BACKGROUND

Plaintiff filed his Complaint on November 18, 2011, pursuant to Title VII. 42 U.S.C. § 2000e, *et seq.* Specifically he claims that Hillary Clinton and George W. Bush are liable to him for damages because his "ID" has been used by the United States

without his consent.  (Compl. 3.)  Plaintiff does not clarify in his Complaint what type of "ID" he claims has been used, but he does distinguish this ID from his Social Security account and number.  (Compl. 3.)  Further, Plaintiff claims that his credit report states that he has been employed by the United States, although he is not and has not ever been a government employee.  (Compl. 2.)  Plaintiff also claims that he cannot "get a job or start [his] own bus[]iness because the government is using [his] ID without . . . permission."  (Compl. 2.)  Finally, Plaintiff claims that Defendants Hillary Clinton and George W. Bush are following him through "computer chip inhabitation[.]"  (Compl. 2.)  These events are alleged to have taken place in October 2011 and on November 16, 2011.  (Compl. 2.)  Plaintiff seeks damages in the amount of $10 million and requests that the government be prohibited from using his "ID" in the future or from having planes pass him by.  (Compl. 3.)

## DISCUSSION

### I. Motion to Proceed IFP

Plaintiff moves to proceed in this action IFP.  (ECF No. 2.)  28 U.S.C. § 1915 provides that a court may authorize a person who is unable to pay court fees to proceed in her action so long as that person is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP").  Furthermore, 42 U.S.C. § 2000e-5(f)(1) provides that "in such circumstances as the court may deem just, the court . . . may authorize the commencement of the action without the payment of fees, costs, or security."  Plaintiff

has established that he is indigent for the purposed of 28 U.S.C. § 1915. Therefore, his motion to proceed IFP is granted.

## II.     Miscellaneous Motions

Plaintiff has also filed fourteen miscellaneous motions primarily seeking relief that cannot be granted by this Court. (ECF Nos. 4-17.) Plaintiff requests the following relief: (1) an "order of protection against the police not to be pulled over or harassed" (ECF No. 4); (2) an order "stoping (sic) the Police from communicating thru (sic) [his] ID" (ECF No. 5); (3) an order to "obtain [his] visual ID Number and also [his] Audio CODEC number and change them" (ECF No. 6); (4) an order "that only [Plaintiff] is allowed to use his social security account" and that he can use his account at any bank or car dealership for purchases (ECF No. 7); (5) an order to "gain access to [his] audio ID CODEC[1] number and [his] visual ID . . . [and] a[n] explaintory (sic) paper of how to program to [his] audio and visual" (ECF No. 8); (6) an order to block Hillary Clinton from using Plaintiff's "ID" (ECF No. 9); (7) an order to block George W. Bush from using his "ID" (ECF No. 10); (8) appointment of counsel (ECF No. 11); (9) an order allowing Plaintiff to carry a concealed weapon (ECF No. 12); (10) an order requiring the Georgia Department of Motor Vehicles to "restore" Plaintiff's driver's license (ECF No. 13); (11) an order telling Plaintiff the name and ID of a man in a truck at Best Buy who

---

[1] "A codec is software that is used to compress or decompress a digital media file, such as a song or video. . . . A codec can consist of two components: an encoder and a decoder. The encoder performs the compressing (encoding) function and the decoder performs the decompression (decoding) function. Some codecs include both of these components and some codecs only include one of them." Microsoft Corporation, *Codecs: frequently asked questions. What is a codec?*, http://windows.microsoft.com/en-US/windows7/Codecs-frequently-asked-questions (last visited Dec. 7, 2011).

"showed [Plaintiff] a computer" (ECF No. 14); (12) an order telling Plaintiff who was logged on to his "visual" on November 9, 2011, and "the name and ID number" of a person who was logged on to his "line of communication and [] visual" (ECF No. 15); (13) an order notifying Plaintiff of "all ID's" that were logged on to his "ID" this year (ECF No. 16); and (14) that the Court obtain "records of all the funds taken out of [Plaintiff's] social security account" (ECF No. 17).  Each of these motions is denied as explained below.

Plaintiff provides no details of events giving rise to any of the motions, no supporting brief for any motion, and no legal reasoning or analysis to explain why any of these motions should be granted or how this Court would have jurisdiction to grant such motions.  Many of Plaintiff's motions also fail to relate to his Complaint.  For example, Plaintiff's motions to have his driver's license restored and to carry a concealed weapon are not within the jurisdiction of this Court and are wholly unrelated to Plaintiff's Complaint.  Consequently, Plaintiff's motions (ECF Nos. 4-10, 12-17) are denied.

Plaintiff, however, did move to appoint counsel which can be considered by this Court.  Under 42 U.S.C. § 2000e-5(f)(1), "in such circumstances as the court may deem just, the court may appoint an attorney for [a] complainant . . . ."  In determining whether to appoint counsel in a civil rights action in the Eleventh Circuit, a court must consider the following factors: "(1) the merits of the complaint, (2) the efforts of the plaintiff to obtain counsel[,] and (3) the financial ability of the complainant to hire an attorney." *Brooks v. Cent. Bank of Birmingham*, 717 F.2d 1340, 1342 n.2 (11th Cir. 1983) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309-10 (5th Cir. 1979).  "The district

court may also consider the ability of the complainant to understand the relevant substantive and procedural issues." *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988) (citation omitted). Ultimately, the decision whether to appoint counsel is within the district court's "broad discretion" and counsel should be appointed "only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citation omitted). Because, as explained below, Plaintiff's complaint is meritless, his motion to appoint (ECF No. 11) is likewise denied.

### III.   Review pursuant to 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss an *in forma pauperis* action if the court determines that the action is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." *Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 892 (11th Cir. 2008) (internal quotation marks and citation omitted). An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are clearly baseless, or if it is based on an indisputably meritless legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010).

Here, Plaintiff has brought his action pursuant to Title VII. Title VII prohibits an employer from hiring or firing an individual or otherwise "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's allegations clearly do not fall within the scope of

5

Title VII.  Plaintiff asserts that he is not and has not been a government employee and Plaintiff has not alleged any discriminatory practice or action taken by the government. (Compl. 2.)  Consequently, Plaintiff's claims that he was discriminated against by the government in violation of Title VII lack an arguable basis in fact and are frivolous.

Furthermore, to the extent that Plaintiff is attempting to assert Title VII claims against Hillary Clinton or George W. Bush, these claims are also frivolous.  It is well settled that Title VII claims cannot be brought against individual defendants.  *See, e.g., Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[R]elief under Title VII is available against only the employer and not against individual employees. . . ."); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.") (emphasis in original).  Consequently, a claim for relief under Title VII cannot be brought against either Hillary Clinton or George W. Bush.  Since these claims are based on an "indisputably meritless" legal theory, they should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Giving the Plaintiff the benefit of the doubt as a *pro se* litigant, the Court could interpret Plaintiff's Complaint as arising under another legal theory.  *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that *pro se* pleadings are to be construed liberally).  However, the Court is at a loss as to how to interpret Plaintiff's Complaint such that it would give rise to a viable cause of action against any of the Defendants, especially since they would likely be entitled to some form

of immunity against suit. *See, e.g., Crawford-El v. Britton*, 523 U.S. 574, 586 (1998) (discussing former president's absolute immunity in certain circumstances and qualified immunity for his aids and advisors); *Compagnoni v. United States*, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999) ("The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity."). "[E]ven though a *pro se* pleading is to be liberally construed, it still must allege *facts*, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s)." *Stroeder v. Fabian*, No. 10-4336, 2010 WL 5422586, at *3 (D. Minn. Dec. 7, 2010); *see also Grigsby v. Thomas*, 506 F. Supp. 2d 26, 28 (D.D.C. 2007) ("Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief.") (internal quotation marks and citation omitted). Plaintiff has failed to allege any facts which, even if proven true, would entitle him to some legal relief against the Defendants. Consequently, his Complaint should be dismissed.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to proceed IFP is granted. Plaintiff's multiple miscellaneous motions are denied. Furthermore, it is RECOMMENDED that Plaintiff's Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 7th day of December, 2011.

                                                S/ Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE